Banco Territorial y Agrícola *v.* Erwin, District Judge.

Application for a Writ of *Certiorari.*

No. 15.—Decided April 9, 1906.

Mortgage Foreclosure—Public Sale of Mortgaged Property.—The Act of March 9, 1905, relating to judgments and the manner of satisfying them, clearly provides for the procedure to be followed in holding public sales, and repeals the provisions of the Regulations for the execution of the Mortgage Law upon this subject.

Id.—Compulsory Proceedings.—The special procedure for the recovery of mortgage credits is in force in so far as the first portion thereof is concerned; that is to say, up to and including the provisions as to the requirement of the debtor to pay the debt, but that portion which might be called "compulsory proceedings," that is to say, the portion relating to and providing for the sale of the encumbered property, has been repealed and substituted by the Act of March 9, 1905, relating to judgments and the manner of satisfying them.

Id.—Stay of Proceedings.—The summary proceedings provided for by the Mortgage Law cannot be stayed except in the cases expressly provided by article 175 of the Regulation for the execution of the said law.

Id.—Appeal.—An order of a lower court denying a motion filed by the execution creditor praying for an accounting, and other matters, in a proceeding to foreclose a mortgage, is not appealable to the Supreme Court.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for petitioner.

*Messrs. Hartzell and Rodríguez' Serra* for respondent.

Mr. Justice Hernández delivered the opinion of the court.

On September 30, 1902, the Banco Territorial y Agrícola de Puerto Rico brought an executory action in the District Court of Humacao under the special procedure provided for by the Mortgage Law for the recovery of Mortgage debts,

against the agricultural partnership of Cintrón Hermanos
to collect the amount of a mortgage constituted by public
deed executed April 29, 1895, before Notary Maricio Guerra,
upon the "Laura" plantation and adjoining properties sit-
uated in the municipality of Yabucoa.

Under the said proceeding the first and second public sales
were held, no bidders appearing at either of them, and by
petition filed March 18, 1903, the bank asked that the proper-
ties be awarded to it, which petition was granted by an order
dated the 26th of the same month, and a certificate thereof
was recorded in the Registry of Property of Humacao.

Under date of April 28, 1903, Eulalia and Margarita Cin-
trón and the Estate of José F. Cintrón, as members of the
agricultural partnership of Cintrón Hermanos, brought suit
against the Banco Territorial y Agrícola in the District
Court of San Juan, praying:

First. For the annulment of the adjudication made to the
said bank by the District Court of Humacao of the "Laura"
Central, together with the adjoining properties and every-
thing appurtenant thereto, and that all of the proceedings had
to bring about that result, as well as all acts performed in
consequence of said adjudication, be declared null and void
and without effect, and that matters be restored to the condi-
tion in which they were prior to the commencement of the
summary proceedings against the partnership of Cintrón Her-
manos.

Second. That the said bank be adjudged to indemnify the
members of the said partnership, Cintrón Hermanos, for all
damages and losses suffered by reason of the said proceed-
ings and its management, such damages to be assessed by
experts appointed by the parties, and a third expert to be
designated by the court in case of a disagreement of the two
experts so appointed.

Third. That the said bank be adjudged to pay the owners
of the properties awarded, not only the proceeds of the prod-

ucts thereof, but those which should have been produced from the time the bank took charge of the management.

Fourth. That the experts to be appointed by the parties, and the third expert to be designated by the court in case of a disagreement, be directed to proceed to a liquidation of all the credits held by the bank against Cintrón Hermanos, whether secured by mortgage or otherwise, in order that the true amount thereof might be known, for the payment of which together with the products of the said properties (the bank) should continue in the management thereof under the conditions stipulated in the deed of May 23, 1900, unless some other agreement should be reached by the parties in view of the result of such liquidation.

The District Court of San Juan rendered judgment on June 28, 1904, from which judgment the defendants took an appeal; and this Supreme Court, in deciding the appeal on June 24th of the year last past, held that the summary compulsory proceedings prosecuted in the District Court of Humacao from the holding of the second sale, which took place in Guayama on March 17, 1903, were null and void, restoring said proceeding to its status at that time, and dismissed the other prayers of the plaintiff as contained in the complaint, without prejudice to his rights in regard to the accounts of the management which should be rendered by the Banco Territorial y Agrícola from the date on which the last accounting was rendered, in accordance with the agreement of the parties contained in the public deed of May 23, 1900.

The bank filed a motion in the District Court of Humacao on the 24th of the following month of July, asking that, in compliance with the judgment of this Supreme Court, the summary compulsory proceedings be proceeded with in accordance with the Mortgage Law and its Regulations, and that, in virtue thereof, the marshal be directed to announce within twenty days a second public sale of the property foreclosed upon, by posting notices in the customary places in Humacao and Yabucoa, and publishing the same in a news-

paper of general circulation, for the price agreed upon in the contract, but with a reduction of 25 per cent of the valuation, and with the other formalities of the first public sale and those required by the Mortgage Law and its Regulations. This motion was granted by the said court, and an order was issued to the marshal on August 10th of the said year 1905, directing that a second public sale be held.

On the 19th of the said month of August, Cintrón Hermanos filed a petition in the said court praying:

First. That the marshal or some other person prepare an inventory giving an assessed valuation of all the property at that date forming part of the "Laura" Central in order that the said court might adopt such measures as necessary to protect the interests of Cintrón Hermanos in case of another public sale, and in order that the said Cintrón Hermanos might have an opportunity to make objections to such inventory and valuation, and that the court might hear the same.

Second. That it be ordered that a liquidation of the accounts of the management of the said property by the bank, from June 30, 1902, be made before the secretary or an arbitrator, and that such liquidation, together with any objections or exceptions which Cintrón Hermanos might make thereto, be presented to the court for a final determination and adjustment thereof.

Third. That the Registrar of Property of Humacao be directed to cancel in the registry of property the record of adjudication made in favor of the bank by virtue of the compulsory proceedings had.

Fourth. That no new public sale be authorized or permitted until such liquidation shall have been made, or until this point shall have been definitely decided by the court, until a new inventory and valuation shall have been prepared, and until the properties shall have been restored to the same condition and status that they possessed on March 17, 1903, the date of the second public sale, which was annulled in conformity with the decision of this Supreme Court.

In view of the foregoing petition the Banco Territorial y Agrícola filed another motion on the 23d of the said month of August, asking that the motion of Cintrón Hermanos be withdrawn from the record, because the said Cintrón Hermanos was not a party to the special mortgage proceeding, and because the case was not comprised within any of the provisions of article 175 of the Regulations for the execution of the Mortgage Law, aside from the fact that the inventory and valuation of the properties had nothing whatever to do with the second sale.

The Humacao court on the 29th of the said month of August overruled the motion of Cintrón Hermanos; but at the same time directed the marshal not to hold the second public sale until the appeal which might be taken should have been decided, which appeal would have the effect of suspending the execution of the said order; and the court stated that it proceeded thus in order that the Supreme Court might determine which proceeding is actually in force in this Island for the foreclosure of mortgages, because although it had expressed the opinion on various occasions that the proceedings established by the Code of Civil Procedure are in force and that the same had repealed the provisions of the Mortgage Law and its Regulations in this respect many lawyers insisted upon proceeding under a repealed law.

On the said 29th day of August Cintrón Hermanos took an appeal from the order of that date, the summary compulsory proceedings prosecuted against them by the Banco Territorial y Agrícola being thereby suspended.

By reason of the proceedings hereinbefore mentioned the said bank applied to this Supreme Court for a writ of *certiorari* praying that after the proper proceedings were had that it be ordered:

First. That the marshal of the district court immediately comply with the order of August 10, 1905, in regard to a second public sale of the properties encumbered by the mortgage.

Second. That the special mortgage proceeding prosecuted by the Banco Territorial y Agrícola against Cintrón Hermanos be followed to a final determination in the manner provided by the Mortgage Law and its Regulations for the recovery of mortgage debts.

The writ of *certiorari* applied for having been issued and the record of the proceedings prosecuted by the Banco Territorial y Agrícola against Cintrón Hermanos for the recovery of a mortgage debt having been sent up to this Supreme Court a hearing was had thereon, counsel for the bank, as well as for Cintrón Hermanos, filed their written briefs, the former maintaining that the summary proceedings provided for by the Mortgage Law and its Regulations for the recovery of mortgage debts was in force, although modified by the Act of March 9, 1905, which he affirms is the law that should govern in the public sale ordered to be held, while counsel for Cintrón Hermanos maintain that the Code of Civil Procedure now in force and the Act of March 9, 1905, above cited, repealed the said summary mortgage proceedings.

We must now consider and decide whether the procedure followed by the District Court of Humacao from the date this Supreme Court rendered its judgment of June 24th of the year last past is or is not according to law, because that is the basis of the question presented by this *certiorari* proceeding.

The Act of March 9, 1905, relating to judgments and the manner of satisfying them which went into effect thirty days after the approval thereof, and which was therefore in force on the date on which the Humacao court ordered the second sale of the mortgaged properties to be held as hereinbefore stated, provides a clear method of procedure to be followed in holding such public sales, and which proceeding has repealed the provisions of the Regulations for the execution of the Mortgage Law upon the subject; and the District Court of Humacao overlooked that act when it ordered that

a second public sale be held in the manner provided for by the Regulations.

In support of this we will quote from the opinion of this court, delivered by Mr. Justice Figueras in the case of *Emilia Giménez and Felicia Garriga y Brenes* v. *Julio Brenes y Aponte* (*ante*, p. 124), for the recovery of a mortgage debt, decided on appeal on February 8th last:

"The special procedure for the recovery of debts secured by mortgage is still in force in so far as the first part of the same is concerned and up to and including the provisions in regard to the demand upon the debtor for payment of the debt, and it has been repealed in respect to that part which might be called compulsory proceedings; that is to say, as to the sale of the property encumbered by the mortgage which is governed in all respects by the Act approved March 9, 1905, above cited, relating to the manner of satisfying judgments."

The District Court of Humacao committed another error of procedure when, by its order of August 29th last, overruling the motion of Cintrón Hermanos, it directed that the second public sale be suspended until after the decision of the appeal which might be taken from the said order, which appeal would have the effect of suspending the public sale, inasmuch as such extension or suspension is in open violation of the provisions of article 175 of the Regulations for the execution of the Mortgage Law, which expressly defines the cases in which summary proceedings may be suspended; and the motion of Cintrón Hermanos, which brought about the extension or suspension of the public sale ordered, is not comprised within any of the cases so defined.

The said Humacao court committed another error of procedure in allowing the appeal of Cintrón Hermanos from the order overruling the motion, because aside from the fact that the appeal was not allowable either in accordance with article 176 of the Regulations for the execution of the Mortgage Law or in accordance with section 295 of the Code of Civil Procedure now in force, the grounds upon which the court based

its action are inconsistent with the order appealed from, made on a motion the object of which was to secure the suspension of the second public sale until an inventory and valuation of the properties should have been prepared, the said court not having the power to allow the appeal and suspension of the public sale, for, the mere purpose of obtaining the decision of the Supreme Court upon the question of whether or not the Mortgage Law and its Regulations are in force in regard to the proceedings for the recovery of mortgage debts.

The claims of Cintrón Hermanos which gave rise to the order appealed from have no place in a summary proceeding prosecuted against them by the Banco Territorial y Agrícola no matter what might be the construction that their counsel placed upon the judgment rendered by this Supreme Court of June 24th of the year last past in regard to an accounting and administration, because that judgment could not have the effect of subordinating the summary proceedings to the rendition of the said accounts or of interrupting the foreclosure proceedings, depriving the same of its summary and rapid character.

For the reasons above set forth we are of opinion that the writ of *certiorari* sought by the Banco Territorial y Agrícola should issue, and in consequence thereof we should declare null and void the proceedings prosecuted before the District Court of Humacao in so far as the said court ordered the holding of a second public sale in contravention of the Act of March 9, 1905, relating to judgments and the manner of satisfying them and suspending the summary proceedings, thereby violating the provisions of article 175 of the Regulations for the execution of the Mortgage Law and allowing the appeal of Cintrón Hermanos from the order overruling the motion tending to interrupt the said proceedings, and ordering an inventory and valuation of the properties and a liquidation of the accounts, which acts have no place in such a proceeding.

*Decided accordingly.*

Chief Justice Quiñones, and Justices Figueras and Wolf concurred.

Mr. Justice MacLeary dissented.

### DISSENTING OPINION OF MR. JUSTICE MACLEARY.

I cannot concur in the judgment rendered in this case, nor in the opinion on which it is based. Both of them presuppose the validity of section 175 of the Regulations for the execution of the Mortgage Law, which according to my view, being in conflict with the Code of Civil Procedure now in force, has been necessarily repealed.

It is unnecessary to repeat the arguments which I made in my dissenting opinion in the case of *Giménez* v. *Brenes* (*ante*, p. 124), rendered herein on the 26th of February last, a mere reference to that opinion being sufficient to justify my dissent in this case.